IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| CHRISTOPHER LINDSEY PERRY, JR., : : : Petitioner, : : V. : : LAMAR COUNTY JUDICIAL ADMINISTRATION, : : Respondent. : : | NO. 5:21-cv-00282-MTT-MSH |

## ORDER

Petitioner Christopher Lindsay Perry, Jr., a detainee in the Lamar County Jail in Barnesville, Georgia, filed a handwritten document in the Northern District of Georgia, which was subsequently transferred to this Court. Pet. for Writ of Habeas Corpus, ECF No. 1; Order Directing Transfer, ECF No. 2. Upon initial review of this document, it was unclear whether Plaintiff was seeking relief under 42 U.S.C. § 1983 or whether, instead, Plaintiff intended to file a petition for a writ of habeas corpus under either 28 U.S.C. § 2241 or 28 U.S.C. § 2254. Accordingly, Petitioner was ordered to clarify his claims by filing either a habeas corpus form or a 42 U.S.C. § 1983 complaint form. Order, ECF No. 5. Petitioner was also ordered to either pay the appropriate filing fee or move for leave to proceed *in forma pauperis*. *Id.* Petitioner was given twenty-one days to take the required steps and was cautioned that his failure to do so could result in the dismissal of this action. *Id.*

More than twenty-one days passed following entry of that order, and Petitioner did not file a recast complaint or petition, pay the filing fee, move for leave to proceed *in forma pauperis*, or otherwise respond to that order.[1]  Thus, Petitioner was ordered to show cause to the Court why this case should not be dismissed for failure to comply with the Court's previous order.  Order to Show Cause, ECF No. 7.  Petitioner was given twenty-one days to file his response and was cautioned that his failure to do so would result in the dismissal of this action.  *Id.*

More than twenty-one days have passed since the order to show cause was entered, and Petitioner has not responded to that order or taken any of the steps identified in the previous orders.  Thus, because Petitioner has failed to respond to the Court's orders and has otherwise failed to prosecute this case, it is hereby **ORDERED** that this petition be **DISMISSED WITHOUT PREJUDICE**.  *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)).

---

[1] An order previously sent to Petitioner at the Lamar County Jail, the only address on file for Petitioner, was returned to this Court as undeliverable.  Mail Returned, ECF No. 6.  To date, however, the order to recast has not been returned to this Court, nor has a subsequently entered order to show cause.  Thus, it is unclear whether Petitioner is still located at this address. Petitioner was previously cautioned that he must keep the Court apprised of his current address at all times while this case is pending and that his failure to do so will constitute a failure to prosecute this case.  *See* Order to Show Cause, ECF No. 7.  Moreover, to the extent that the Court does not have Petitioner's current address, this case cannot proceed.

**SO ORDERED**, this 27th day of October, 2021.

                                                S/ Marc T. Treadwell
                                                MARC T. TREADWELL, CHIEF JUDGE
                                                UNITED STATES DISTRICT COURT